## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JERRY PAUL CONCHO,

    Petitioner,

v.                                                      CV 21-188 JCH/GJF
                                                                CR 96-383 JCH/GJF

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Jerry Paul Concho's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF 75][1] (Petition). Concho challenges his federal convictions stemming from a carjacking in 1996. Having reviewed the matter *sua sponte,* the Court will construe the Petition under 28 U.S.C. § 2255 and require Concho to show cause why the claims should not be dismissed as untimely.

## I. BACKGROUND

Concho was indicted in 1996 for multiple crimes, including first degree murder, using and carrying a firearm during a crime of violence, motor vehicle theft, and carjacking resulting in death. *See* Docket Sheet in CR 96-383 JCH/GJF. He entered into a plea agreement on August 4, 1997. [ECF 63]. He accepted responsibility for carjacking resulting in death and aiding and abetting. [ECF 75]. By a judgment entered October 6, 1997, the Court (Hon. Bruce Black) sentenced Concho to 384 months imprisonment, followed by a five-year term of supervised release. [ECF 70, 73]. Concho did not appeal. *See* Docket Sheet in CR 96-383 JCH/GJF.

Over 23 years later, on March 1, 2021, Concho filed the instant Petition. He contends his

---

[1] All docket references are to the criminal case, CR 96-383 JCH/GJF.

plea is invalid because (1) the prosecutor tampered with evidence and committed misconduct, (2) his defense counsel was ineffective, and (3) the Court lacked jurisdiction to enter a judgment and failed to explain the plea. [ECF 75 at 1-5]. Concho also contends various parties breached the plea agreement, but the alleged breach is premised on the same arguments. He seeks relief from his convictions under 28 U.S.C. § 2241.

## II. ANALYSIS

The proper vehicle for challenging a federal conviction is a habeas petition under 28 U.S.C. § 2255. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). This Court, however, "may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255— unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro v. U.S.,* 540 U.S. 375, 382 (2003). Consequently, the Court hereby notifies Concho that it intends to both recharacterize his Petition as his "first § 2255 motion" and to rule on such a motion. *Id.* at 383. Before doing so, the Court (1) warns Concho that such a recharacterization would mean that "any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions" and (2) will provide him a 30-day opportunity to "withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has." *Id.*; *see also In re Cline,* 531 F.3d 1249, 1251 (10th Cir. 2008) (observing that "[a] district court does not have jurisdiction to address the merits of a second or successive . . . [habeas] claim until [the Tenth Circuit] has granted the required authorization").

Concho is further warned that any § 2255 claims are likely time-barred. Section 2255 motions must generally be filed within one year after a conviction becomes final. *See* 28 U.S.C. §

2255(f)(1). The limitation period can be extended where:

    a.    The petitioner was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States" § 2255(f)(2);

    b.    The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review" § 2255(f)(3); or

    c.    The petitioner could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Because Concho did not appeal the October 6, 1997 judgment, his convictions became final no later than October 21, 1997. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) (a conviction is final after the time for filing a direct appeal expires); Fed. R. App. P. 4(b)(1)(A) (defendant's notice of appeal in a criminal case must be filed within fourteen days after the entry of judgment). There was no apparent tolling activity during the next year, and the limitation period expired in 1998. Consequently, it appears the 2021 Petition is time-barred by over 20 years.

### III. CONCLUSION

For the reasons above, **IT IS ORDERED** that **no later than June 22, 2021**, Concho may (1) withdraw his Petition or (2) amend his Petition to include all the § 2255 claims he believes he has.

**IT IS FURTHER ORDERED** that if Concho declines to withdraw the Petition, **no later than June 22, 2021** he must show cause in writing as to why any § 2255 claims should not be

dismissed as time-barred. Failure to timely respond to this order will result in the recharacterization and dismissal of the Petition with prejudice.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE