IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JERRY PAUL CONCHO,

    Petitioner,

v.                                                                                          No. 21-cv-0188 JCH-GJF
                                                                                          No. 96-cr-0383 JCH-GJF

UNITED STATES OF AMERICA,

    Respondent.

**<u>MEMORANDUM OPINION AND ORDER</u>**

       This matter is before the Court on Petitioner Jerry Paul Concho's Habeas Corpus Petition (CV Doc. 1, supplemented by CV Doc. 4, CR Doc. 79) (Petition). Concho challenges his federal convictions stemming from a carjacking in 1996. The Court previously explained that 28 U.S.C. § 2255 is the proper avenue for relief and directed him to show-cause why any § 2255 claims should not be dismissed as time-barred. Because Concho failed to demonstrate grounds for tolling, the Court will dismiss the Petition with prejudice.

**BACKGROUND**

       Concho was indicted in 1996 for, inter alia, first degree murder, using and possessing a firearm during a crime of violence, motor vehicle theft, and carjacking resulting in death. *See* Docket Sheet in Case No. 96-cr-0383 JCH-GJF. He entered into a plea agreement on August 4, 1997, accepting responsibility for carjacking resulting in death and aiding and abetting. *See* CR Doc. 63, 75. By a Judgment entered October 6, 1997, the Court (Hon. Bruce Black) sentenced Concho to 384 months imprisonment, followed by a five-year term of supervised release. *See* CR Doc. 70, 73. Concho did not appeal. *See* Docket Sheet in Case No. 96-cr-0383 JCH-GJF.

       Over 23 years later, on March 1, 2021, Concho filed a Petition for Writ of Habeas Corpus

Under 28 U.S.C. § 2241.  *See* CV Doc. 1.   He argued his plea is invalid because: (1) the prosecutor tampered with evidence and committed misconduct, (2) counsel was ineffective, and (3) the Court lacked jurisdiction to enter a judgment and failed to explain the plea.   Concho also alleged various parties breached the plea agreement, but the alleged breach is premised on the same arguments.  On May 24, 2021, the Court permitted Concho to amend his Petition to raise claims under 28 U.S.C. § 2255 or, alternatively, withdraw the Petition so this case does not count as Concho's "first" § 2255 proceeding.  *See* CV Doc. 3 (OSC).   The OSC warned that to obtain relief from the conviction, Concho must also overcome the statute of limitations.  *Id.* at 3.   Such warning was issued pursuant to *Castro v. U.S.,* 540 U.S. 375, 382 (2003), which governs *pro se* petitions that seek relief from a federal conviction but do not cite 28 U.S.C. § 2255.   *Castro* holds that courts "may not recharacterize a *pro se* litigant's motion as a request for relief under § 2255—unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion." *Castro,* 540 U.S. at 382.

Concho initially declined the options set forth in *Castro* and again sought to proceed under § 2241.   He filed an "Affidavit of Truth: Petition for Writ of Habeas Corpus Title 28 United States Code 2241" (First Affidavit).   *See* CV Doc. 4.   Like the initial filing, the First Affidavit alleges Concho's conviction is unlawful.   However, the First Affidavit states that "tamperings, alterations of changing his petition to a Motion to Vacate Under Title 28 U.S.C. [§] 2255 was not lawful nor valid, nor was Petitioner placed on real notice within this unconstitutional violation[]…."  *Id.* at 1.

About three weeks later, on June 24, 2021, Concho changed course.   He filed a second "Affidavit of Truth Pursuant to Title 28 U.S.C. [§] 2255 Habeas Corpus" (Second Affidavit).   *See*

CR Doc. 79. The Second Affidavit states: "Concho will decline to withdraw his petition under 28 U.S.C. [§] 2255 and can show cause why the claims petition has stated should not be dismissed as untimely…" *Id.* at 1. It further states: "There was a[] misunderstanding about the proper vehicle for petition of which he does not wish to withdraw nor recharacterize the 28 U.S.C. 2255 habeas petition. The petitioner also was warned that any 2255 claim is likely barred, but that is far from the truth." *Id.* Construed liberally, and reading the Second Affidavit as a whole, the Court discerns that Concho seeks relief from his conviction under § 2255. The Court will treat the aforementioned arguments (*i.e.,* breach of the plea agreement, involuntary plea, ineffective assistance of counsel, etc) as his § 2255 claims. The Court also construes the Second Affidavit as a show-cause response addressing timeliness.

## DISCUSSION

Section 2255 motions must generally be filed within one year after the defendant's conviction becomes final. *See* 28 U.S.C. § 2255(f). The one-year limitation period can be extended where:

(1) The defendant was prevented from making a motion by "governmental action in violation of the Constitution or laws of the United States...." § 2255(f)(2);

(2) The motion is based on a "right [that] has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." § 2255(f)(3); or

(3) The defendant could not have discovered "the facts supporting the claim … through the exercise of due diligence." § 2255(f)(4).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his

3

[or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the Judgment was entered October 6, 1997, and Concho did not appeal. *See* Docket in 96-cr-0383. The Judgment became final on October 21, 1997, after expiration of the fourteen-day criminal appeal period. *See United States v. Mathisen*, 822 Fed. App'x 752, 753 (10th Cir. 2020) ("For purposes of § 2255, … [petitioner's] criminal conviction became final when his time for filing a direct appeal expired—fourteen days after" entry of the judgment); *United States v. Hurst,* 322 F.3d 1256, 1261–62 (10th Cir. 2003) (observing that the limitations period under § 2255(f) begins on the day after the judgment becomes final and ends exactly one year later on the same day). There was no apparent case activity during the next year, and the limitation period expired on October 21, 1998. The § 2255 claims filed March 1, 2021 are therefore time-barred, absent grounds for tolling.

The OSC explained the above principles and set out the standards for statutory and equitable tolling. *See* CV Doc. 3. Concho's show-cause response does not dispute the procedural facts or timeline. *See* CR Doc. 79. Instead, he argues his claims are not time-barred, and the conviction is null and void, based on the following defects in the plea proceedings:

(a) The prosecutor tampered with evidence, committed fraud, exceeded his authority, and failed to uphold the Constitution;

(b) Plea counsel provided ineffective assistance and violated fiduciary duties;

(c) The prosecutor and plea counsel breached the plea agreement, based on the above circumstances;

(d) The plea was involuntary because Concho was not informed of the nature and elements of each offense;

4

(e)   Concho was not "duly convicted" under "color of law," which violates due process principles;

(f)   The sentence is based on inaccurate information;

(g)   The Court (Hon. Bruce Black) lacked jurisdiction to enter the Judgment; and

(h)   Concho's incarceration constitutes slavery.

CR Doc. 79 at 1-2.

These arguments pertain to the merits of Concho's claims and do not address tolling. The Tenth Circuit holds that courts need not address the merits of a habeas petition unless the petitioner complies with the stringent requirements of § 2255, including the one-year limitation period. *See U.S. v. Greer*, 881 F.3d 1241, 1244 (10th Cir. 2018) ("Before addressing the merits of [petitioner's] claim, he must show that he can satisfy the procedural requirements of the [habeas statute] ... The first of these barriers is timeliness.").

Concho also urges the Court to overlook any procedural defects because his conviction constitutes a miscarriage of justice. *See* CR Doc. 79 at 2. The miscarriage of justice exception is "a markedly narrow one, implicated only in extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) (quotations omitted). A showing of actual innocence serves to toll or "overcome" the one-year period. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (A showing of "actual innocence may toll the statute of limitations."). The habeas petitioner must "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Burke v. Bigelow*, 792 Fed. App'x 562, 565 (10th Cir. 2019) (quoting *McQuiggin v. Perkins*, 569 U.S. 383,

5

386 (2013)).

Concho's show-cause response does not meet this standard. He asserts that aiding and abetting require more than his "mere presence" at the crime scene or "guilt by association," and the prosecutor failed to prove he intentionally associated with the carjacking venture. CR Doc. 79 at 2. This does not qualify as new evidence, and the allegations are too conclusory to convince a reasonable juror to acquit Concho. *See, e.g., Frost v. Pryor*, 749 F.3d 1212, 1232 (10th Cir. 2014) ("[s]imply maintaining one's innocence" does not establish the exception). Concho may therefore not take advantage of the exception for miscarriage of justice or actual innocence.

For the reasons above, Concho has not established grounds for tolling. The one-year limitation period expired on October 21, 1998, and the Petition filed on March 1, 2021 is time-barred. The Court will dismiss the Petition with prejudice. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

**IT IS ORDERED** that Petitioner Jerry Paul Concho's Habeas Corpus Petition (CV Doc. 1, supplemented by CV Doc. 4 and CR Doc. 79) is **DISMISSED with prejudice**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment closing the civil case.

_____
SENIOR UNITED STATES DISTRICT JUDGE